# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **JESSICA SIMON** | **CASE NO. 6:24-CV-00871** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **D M C INSURANCE INC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## ORDER

Before the Court is Defendants' Motion to Compel Plaintiff to Produce her Cellular Phone for Third Party Inspection and Limited Extraction (Rec. Doc. 49). Plaintiff opposed the motion (Rec. Doc. 55), and Defendants replied. (Rec. Doc. 59). The Court conducted a telephone hearing on October 3, 2025. Considering the evidence, the law, and the written and oral arguments of the parties, it is ORDERED that Defendants' Motion to Compel (Rec. Doc. 49) is DENIED *at this time*.

## Facts and Procedural History

On May 15, 2024, Plaintiff, individually and on behalf of her minor child, filed a Petition for Damages in state court naming DMC Insurance, Inc., JS Helwig & Son, LLC, and Darrell Bonnet as Defendants after Plaintiff was involved in a motor vehicle accident with a Freightliner truck owned by JS Helwig & Son, LLC and operated by Darrell Bonnet. (Rec. Doc. 1-2). The matter was removed on June 28, 2024. (Rec. Doc. 1). In their Motion to Compel, Defendants seek an order to

compel Plaintiff "to produce her personal cell phone for third-party inspection to extract (1) data on [Plaintiff's] cell phone usage from August 21, 2023, 12:00 PM CST through August 21, 2023, 6:00 PM CST; and (2) indications of data deletion, data reset/restore, or tampering on or after August 21, 2023…" (Rec. Doc. 49, p. 1). Defendants contend that this information is "relevant to the factors which caused the parties' August 21, 2023 motor vehicle accident (the *MVA*), as well as [Plaintiff's] suspected efforts to hide relevant cell phone activity from Defendants during the discovery process." (*Id.*)(emphasis in original). Specifically, Defendants allege the following discrepancies:

- In her responses to Requests for Admissions, Plaintiff denied that she was using her cellphone when the accident occurred. (*Id*. at p. 8).

- Plaintiff "personally created screenshots of her purported cell phone log for the 24-hour period surrounding the MVA." (*Id*. at p. 9).

- Plaintiff's call activity records subpoenaed from AT&T "are inconsistent with" the screenshots provided by Plaintiff. (*Id*. at p. 10).

- The AT&T records indicate that Plaintiff "made an outgoing call within seconds of the MVA," and the screenshots provided by Plaintiff do not include this call. (*Id*. at pp. 10-11).

- Plaintiff cannot "explain why cell phone usage activity in the AT&T Records is inconsistent with her self-created phone usage records." (Rec. Doc. 49, p. 15)

2

Plaintiff contends that "Defendants have failed to meet their burden of showing good cause for this Honorable Court to consider an order compelling [Plaintiff] to produce her cell phone for an unlimited data extraction." (Rec. Doc. 55, p. 13). Per Plaintiff, "[a]ny alleged discrepancies in AT&T's dataset does not warrant the extreme measure of setting aside the inherent privacy concerns associated with a forensic examination of personal cell phones." (*Id*). At this juncture, this Court agrees.

## **Law and Analysis**

Pursuant to Fed.R.Civ.P. 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…." A relevant discovery request seeks information that is "either admissible or 'reasonably calculated to lead to the discovery of admissible evidence.'" *McLeod Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1484 (5th Cir.1990)(citing Fed.R.Civ.P. 26(b)). According to Rule 26(b)(2), the scope of discovery is not without limits, and the Court may protect a party from responding to discovery when: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery

in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit…."

Pertinent to the present issue, the United States District Court for the Eastern District of Louisiana summarized the law as follows:

> "Courts hesitate to authorize direct access to an opposing party's electronic storage device."
>
> …
>
> "Generally, only 'specific, concrete evidence of concealment, destruction of evidence, or failure to preserve documents and information' will warrant drastic electronic measures.... The utility of permitting a forensic examination of personal cell phones must be weighed against inherent privacy concerns. Issues that may be relevant to the inquiry include whether the party withheld information, whether the responding party is unable or unwilling to search for the requested information and the extent to which the requesting party has complied with discovery requests."

*Lewis v. Archer Daniels Midland Co.*, No. CV 17-14190, 2018 WL 6591999, at *2 (E.D. La. Dec. 14, 2018)(internal citations omitted).

Here, Plaintiff provided Defendants with screen shot images of her cell phone call records, and Defendants subpoenaed and obtained Plaintiff's cell phone call records from AT&T. Defendants aver that the data extraction requested will "definitively establish" "whether the outgoing call on the AT&T Records occurred," but will also establish "the full scope of [Plaintiff's] relevant cell phone usage" including the use of phone applications. (Rec. Doc. 59).

4

Without more, the Court does not find that the single phone call discrepancy at issue in this case opens the door for Defendants to review the entirety of Plaintiff's phone activity and application usage.[1]  Accordingly, at this juncture, the Court finds that a third-party inspection and limited extraction of Plaintiff's cellphone is disproportional to the needs of the case and Plaintiff's privacy interests outweigh any potential relevancy.

## Conclusion

For the reasons discussed herein and at the October 3, 2025 telephone hearing, Defendants' Motion to Compel Plaintiff to Produce her Cellular Phone for Third Party Inspection and Limited Extraction (Rec. Doc. 49) is DENIED at this time.

THUS DONE in Chambers, Lafayette, Louisiana on this 7th day of October, 2025.



CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

---

[1] Despite defendants' assertion that "AT&T Records show that Ms. Simon made an outgoing phone call 8 seconds before the MVA" (Rec. Doc. 59, p.1), the records show that the call at issue was made seconds before Ms. Simon's call to 911, which took place after the accident.